IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae, <br><br> Plaintiff, <br><br> vs. <br><br> Kevin Shwedo, Director, South Carolina Department of Motor Vehicles, <br><br> And <br><br> Safeco Insurance Company, <br><br> Defendants. | CASE NO.: 4:25-cv-13110-JD-TER <br><br><br><br> **MEMORANDUM ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 7.) The Report recommends that this action be dismissed without prejudice and without issuance and service of process, and that the Court decline to exercise supplemental jurisdiction over any state-law claims against Defendant Safeco Insurance Company. (*Id.*) Plaintiff Travis Sintell McCrae, proceeding *pro se*, filed objections to the Report. (DE 9.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Also before the Court are Plaintiff's Amended Motion for Relief, Order of Restoration, Damages, and Notice of Retaliation, Malpractice, and Federal Violations (DE 12), Plaintiff's Motion for Summary Judgment (DE 15), and Plaintiff's Amended Motion for Summary Judgment, Dismissal of Administrative Action, Restitution, and Damages (DE 18).

## I.     BACKGROUND

Plaintiff filed this civil action on October 24, 2025, naming Kevin Shwedo, Director of the South Carolina Department of Motor Vehicles, and Safeco Insurance Company as Defendants. (DE 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (DE 2.) On November 4, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and directed the Clerk not to authorize service because the case was subject to initial review. (DE 5; DE 6.)

Plaintiff's Complaint is styled as an "Omnibus Motion for Breach of Contract, Administrative Negligence, and Violation of Federal Law." (DE 1.) Liberally construed, Plaintiff alleges that he maintained a valid automobile insurance policy with Safeco, that Safeco failed to transmit or correct accurate insurance information, and that the South Carolina Department of Motor Vehicles, under Defendant Shwedo's supervision, issued or maintained a license suspension despite proof of insurance. (*Id.*) Plaintiff further alleges that the suspension and insurance dispute harmed his business operations, federal contracting status, reputation, and finances. (*Id.*) Plaintiff asserts claims or theories including breach of contract, administrative

2

negligence, bad-faith insurance practices, fiduciary breach, violation of 42 U.S.C. § 1983, violation of 15 U.S.C. § 1691, and related state-law theories. (*Id.*)

## II.    REPORT AND RECOMMENDATION

On November 4, 2025, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process. (DE 7.) The Report concludes that Plaintiff fails to state a claim under 42 U.S.C. § 1983 against Defendant Shwedo because Plaintiff's allegations of negligence and abuse of discretion do not state a constitutional claim and because South Carolina provides process for challenging SCDMV determinations through the Office of Motor Vehicle Hearings. (*Id.* at 3.) The Report also concludes that Plaintiff fails to state a federal claim against Safeco because Plaintiff's allegations against Safeco sound in breach of contract, bad faith, negligence, and other state-law theories, and because 15 U.S.C. § 6801 does not provide a private right of action. (*Id.* at 4.) The Report recommends that the Court decline supplemental jurisdiction over any state-law claims. (*Id.*)

Plaintiff filed objections. (DE 9.) In his objections, Plaintiff argues that the Court has federal-question and civil-rights jurisdiction because Defendants allegedly deprived him of a driver's license and his ability to operate a DOT-certified logistics business without due process. (*Id.*) Plaintiff also cites *Mathews v. Eldridge*, 424 U.S. 319 (1976), *Bell v. Burson*, 402 U.S. 535 (1971), and *Goldberg v. Kelly*, 397 U.S. 254 (1970), and he seeks immediate reinstatement of his license, damages, and referral for investigation. (*Id.*)

3

### III.     LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Plaintiff proceeds in forma pauperis, the Court must screen the Amended Complaint under 28 U.S.C. § 1915. The Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

4

## IV.    DISCUSSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's later filings, the Complaint, the record, and the applicable law, the Court adopts the Report. Because Plaintiff proceeds pro se, his filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts establishing a claim currently cognizable in federal court, rewrite a complaint to include claims not presented, or construct legal arguments for a litigant. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A.    Claims Against Defendant Shwedo

Plaintiff's objections are specific enough to require de novo review of the Report's due-process analysis. Having conducted that review, the Court agrees with the Magistrate Judge that Plaintiff fails to state a plausible § 1983 claim against Defendant Shwedo.

Section 1983 is not itself a source of substantive rights. It provides a vehicle for vindicating federal rights elsewhere conferred. To state a § 1983 claim, a plaintiff must plausibly allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States.

Plaintiff alleges that the DMV, under Defendant Shwedo's supervision, suspended or restricted his driver's license despite proof of insurance. Plaintiff characterizes this conduct as negligence, abuse of discretion, administrative misconduct, and a violation of due process. But negligence, administrative error, or

disagreement with a state agency's decision does not, without more, state a constitutional claim under § 1983.

The Court recognizes that procedural due process applies to the suspension or revocation of an issued driver's license. In *Bell v. Burson*, the Supreme Court held that once a driver's license is issued, its "continued possession may become essential to the pursuit of a livelihood[,]" and the State may not take that license "away without that procedural due process required by the Fourteenth Amendment." 402 U.S. 535, 539 (1971). *Bell*, however, does not hold that every license suspension requires a full evidentiary hearing before suspension in every circumstance, nor does it convert every allegedly erroneous suspension into a federal constitutional violation.

*Bell* addressed a Georgia statutory scheme under which an uninsured motorist involved in an accident had to post security or face suspension, while the State's hearing procedure excluded consideration of fault or liability even though liability played a crucial role in the statutory scheme. *Id*. at 541–43. The Supreme Court held that, because Georgia's statutory scheme made liability important to whether a license would be suspended, due process required a meaningful procedure to determine whether there was a reasonable possibility of a judgment against the licensee before the suspension became effective. *Id*.

This case is different. Plaintiff does not plausibly allege that South Carolina failed to provide notice and an opportunity to be heard. The Report explains that the South Carolina Office of Motor Vehicle Hearings provides contested-case hearings arising from SCDMV determinations. (DE 7.) Plaintiff's later filings also reference an

administrative matter before the South Carolina Office of Motor Vehicle Hearings, Docket No. 25-OMVH-04-6321-CC. (DE 15; DE 18.) Thus, Plaintiff's own filings indicate that an administrative process existed and that Plaintiff was aware of, and attempted to invoke, that process.

Plaintiff disagrees with the suspension, the accuracy of the insurance information, the DMV's reliance on allegedly incorrect information, the administrative fee, and the handling or outcome of the administrative process. Those allegations may be relevant to a state administrative appeal or a state-law claim, but they do not plausibly allege that Defendant Shwedo personally deprived Plaintiff of procedural due process under the Fourteenth Amendment. Plaintiff does not allege facts showing that the State provided no meaningful opportunity to contest the suspension, that he was prevented from using available procedures, or that the available procedures were constitutionally inadequate.

Plaintiff's substantive due-process theory fares no better. The interest in possessing a driver's license is a state-created interest subject to procedural due process protections, but it is not a fundamental right giving rise to substantive due process protections. Plaintiff's allegations, therefore, do not state a substantive due-process claim.

Accordingly, the Court overrules Plaintiff's objections as to Defendant Shwedo and adopts the Report's recommendation that the § 1983 claim be dismissed.

**B.     Claims Against Safeco**

The Court also agrees with the Report that Plaintiff fails to state a federal claim against Safeco. Plaintiff alleges that Safeco failed to transmit accurate insurance information, failed to correct an insurance report, refused to provide coverage benefits, and breached duties under an automobile insurance policy. (DE 1; DE 9.) These allegations sound in breach of contract, insurance bad faith, negligence, and related state-law theories.

Plaintiff cites 15 U.S.C. § 6801, but that statute does not provide a private right of action. Plaintiff's references to insurance duties, fiduciary duties, rental reimbursement, claims handling, data reporting, and policy benefits do not plausibly allege the violation of a federal right actionable in this case.

Nor does Plaintiff state a § 1983 claim against Safeco. Safeco is a private insurance company, and Plaintiff does not plausibly allege that Safeco acted under color of state law. The fact that insurance information may have been reported to or considered by a state agency does not, without more, transform Safeco into a state actor.

Accordingly, the Court adopts the Report's recommendation that Plaintiff's federal claims against Safeco be dismissed.

**C.     Plaintiff's Later Motions**

After filing objections, Plaintiff filed several additional motions, including an Amended Motion for Relief, Order of Restoration, Damages, and Notice of Retaliation, Malpractice, and Federal Violations (DE 12), a Motion for Summary Judgment (DE

15), and an Amended Motion for Summary Judgment, Dismissal of Administrative Action, Restitution, and Damages (DE 18).

These filings do not alter the analysis. In DE 12, Plaintiff attempts to add new parties and new federal labels, including human-trafficking statutes, Sarbanes-Oxley provisions, the Federal Trade Commission Act, the Truth in Lending Act, mail and wire fraud statutes, and additional allegations of retaliation, malpractice, and corporate fraud. In DE 15 and DE 18, Plaintiff seeks summary judgment, restitution, dismissal of an administrative action, damages, reinstatement of his driver's license, and other relief.

The later filings do not cure the defects identified in the Report. They do not plausibly allege that Plaintiff was denied constitutionally adequate process, do not state a federal claim against Safeco, and do not establish entitlement to summary judgment before service, appearance by Defendants, or development of any record. To the extent these filings are construed as motions to amend, amendment would be futile because the proposed allegations still fail to state a plausible federal claim. To the extent they are construed as motions for injunctive relief, summary judgment, or dismissal of an administrative proceeding, they are denied because this case is subject to dismissal at initial screening.

## D.    State-Law Claims

To the extent Plaintiff asserts state-law claims for breach of contract, insurance bad faith, negligence, breach of fiduciary duty, unjust enrichment, administrative negligence, or related theories, the Court declines to exercise

supplemental jurisdiction. When all claims over which the Court has original jurisdiction are dismissed at the outset, the Court may decline supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). This case remains at the initial review stage; no Defendant has been served, and considerations of comity, fairness, and judicial economy favor dismissal of any state-law claims without prejudice so that Plaintiff may pursue them, if appropriate, in a court of competent jurisdiction.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's later motions, the Complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice and without issuance and service of process.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 7) and incorporates it by reference. Plaintiff's objections (DE 9) are OVERRULED.

Plaintiff's Amended Motion for Relief, Order of Restoration, Damages, and Notice of Retaliation, Malpractice, and Federal Violations (DE 12), Plaintiff's Motion for Summary Judgment (DE 15), and Plaintiff's Amended Motion for Summary Judgment, Dismissal of Administrative Action, Restitution, and Damages (DE 18) are DENIED AS MOOT and, alternatively, DENIED because they do not cure the deficiencies identified above.

This action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.